UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | | |
|---|---|---|
| JOHNNY CHOINSKI, | ) | No. CV 14-5077-MMM (PLA) |
| Petitioner, | ) ) | |
| v. | ) ) | **ORDER DISMISSING SUCCESSIVE PETITION WITHOUT PREJUDICE** |
| LOS ANGELES POLICE DEPARTMENT INTERNAL AFFAIR GROUP, et al., | ) ) ) | |
| Respondents. | ) ) | |

Johnny Choinski ("petitioner") initiated this action on July 7, 2014, by filing an "Affidavit of Notice, Declaration, and Demand ...," which the Court construes as a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. In the instant Petition, petitioner challenges his 2002 conviction in the Los Angeles County Superior Court and seeks, among other things, issuance of an "order for release" from "ill[e]gal incarceration." (Petition at 21[1]). On March 20, 2006, petitioner filed an earlier habeas petition in this Court, Case No. CV 06-1672-MMM (PLA), in which petitioner challenged the same 2002 conviction. The 2006 petition was dismissed on the merits with prejudice pursuant to the Judgment entered on February 24, 2009. (See Judgment in Case No. CV 06-1672-MMM (PLA)).

---

[1] For ease of reference, the Court has numbered the pages of the Petition consecutively, i.e., 1-22.

A federal habeas petition is second or successive if it raises claims that were or could have been adjudicated on the merits in a previous petition. McNabb v. Yates, 576 F.3d 1028, 1029 (9th Cir. 2009); see also Cooper v. Calderon, 274 F.3d 1270, 1273 (9th Cir. 2001) (per curiam). "A disposition is 'on the merits' if the district court either considers and rejects the claims or determines that the underlying claim will not be considered by a federal court." McNabb, 576 F.3d at 1029.

The Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA") provides that a claim presented in a second or successive federal habeas petition that was not presented in a prior petition shall be dismissed unless:

> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B).

Furthermore, "[b]efore a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

In his 2006 federal habeas challenge, petitioner raised the following claims: (1) the prosecution committed misconduct by withholding, hiding, or covering up evidence; (2) petitioner's trial counsel rendered ineffective assistance for failing to investigate and present a defense to all of the charges; (3) the prosecutor committed misconduct by failing to disclose evidence regarding the injuries to petitioner's spouse; (4) the prosecution failed to disclose exculpatory evidence; (5) petitioner's trial counsel rendered ineffective assistance; and (6) petitioner's trial resulted in a fundamental miscarriage of justice as the prejudicial effect of all errors violated due process. (See Final Report and Recommendation, issued on March 24, 2008,

at p. 6). As mentioned above, the action was dismissed on the merits and with prejudice. (See Order Adopting Magistrate Judge's Final Report and Recommendation and Judgment, both entered on February 24, 2009). Petitioner's subsequent request for a certificate of appealability was denied.[2]

As set forth above, a habeas petition is successive if it raises claims that *could have been* adjudicated on their merits in the prior petition. McNabb, 576 F.3d at 1029. Here, even if petitioner has raised different claims in the instant Petition than in his 2006 petition, these claims -- many of which relate to the underlying criminal charges against petitioner and events that took place at trial -- could have been raised in his 2006 petition. Accordingly, given that the 2006 petition was adjudicated on the merits and dismissed with prejudice, the instant Petition is successive.

In any event, even if it were found that any or all of the claims raised in the instant Petition satisfy 28 U.S.C. § 2244(b)(2)(A) or § 2244(b)(2)(B), petitioner is still required to seek authorization from the Ninth Circuit before filing a successive petition. 28 U.S.C. § 2244(b)(3)(A). Because petitioner has not presented any documentation showing that he has filed in the Ninth Circuit the requisite motion and received the requisite authorization to file a successive petition, the Court concludes that it is without jurisdiction to entertain the Petition under 28 U.S.C. § 2244(b). Burton v. Stewart, 549 U.S. 147, 153, 127 S. Ct. 793, 798, 166 L.Ed.2d 628 (2007) (AEDPA requires petitioner to receive authorization from the Court of Appeals before filing a second habeas petition); Cooper, 274 F.3d at 1274 ("'When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.'"). Absent the requisite authorization from the Ninth Circuit allowing a successive petition, the instant Petition must be dismissed without prejudice. See Reyes v. Vaughn, 276 F.Supp.2d 1027, 1029-30 (C.D. Cal. 2003) (dismissing successive petition without prejudice to petitioner's right to seek authorization from the Ninth Circuit).

---

[2]   Petitioner subsequently filed another petition challenging the same conviction and sentence, on December 7, 2009, which was dismissed as successive on March 19, 2010. (See Case No. CV 09-8967-MMM (PLA)).

1     IT IS THEREFORE ORDERED that this action be **dismissed without prejudice**.

3   DATED: July 22, 2014

                                                */s/ Margaret M. Morrow*
                                      HONORABLE MARGARET M. MORROW
                                      UNITED STATES DISTRICT JUDGE